IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNY L. BALDWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:08-CV-457-VEH |
| | ) |
| FLYING J, INC. and | ) |
| JONATHON HART, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This is a civil action filed by the pro se plaintiff, Denny L. Baldwin, against the defendants, Flying J, Inc., and Jonathon Hart. The case was originally filed in the Circuit Court of Jefferson County, Alabama on January 16, 2008. It was removed to this court on March 13, 2008. (Doc. 1.)

The short complaint states that the plaintiff is suing for "breach of aggreement [sic] discrimination based on sex harassment mental anguish under payment for 2½ years unemployment compensation from 7-08-07 to 8-18-07". (Doc. 1-1.) Defendant Flying J, Inc. is in bankruptcy. Accordingly, by order of January 8 2009, the magistrate stayed this matter. The stay was partially lifted on February 16, 2010, to allow this matter to proceed as against defendant Hart.

This case comes before the court on the motion for summary judgment filed by defendant Hart. (Doc. 23.) The magistrate issued a report and recommendation on July 21, 2010, recommending that the motion be granted, and that the case against Hart be dismissed, with prejudice. (Doc. 33.) The time for objections to that recommendation has expired, and no objections have been filed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is due to be **GRANTED**.

Further, as the remaining defendant in this matter is in bankruptcy, the court will dismiss the case against that defendant as well, subject to the right of any party to reopen the case as to any matter not fully adjudicated in the bankruptcy proceedings.

**DONE** this the 16th day of August, 2010.

                                                          **VIRGINIA EMERSON HOPKINS**
                                                          United States District Judge